Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERN COUNTY HOSPITAL AUTHORITY, A PUBLIC AGENCY THAT IS A LOCAL UNIT OF GOVERNMENT, WHICH OWNS AND OPERATES KERN MEDICAL CENTER,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut for-profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | CASE NO. 18-cv-00473-DAD-JLT<br><br>**ORDER GRANTING IN PART STIPULATED PROTECTIVE ORDER**<br>(Doc. 25) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Health Insurance Portability and Accountability Act of 1996, and for good cause, the Court issues this Qualified Protective Order. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

**IT IS ORDERED THAT:**

**1. Scope of Protection**

1          This Protective Order shall govern any record of information produced in this action and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

This Protective Order shall apply to the parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.

**2. Definitions**

The term Confidential Information shall mean confidential or proprietary technical, commercial, scientific, financial, business, health, personal, or medical information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the producing party.

The term "Confidential Health Information" shall constitute a subset of Confidential Information, and shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and subject to all other terms and conditions governing the treatment of Confidential Information. Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or

future payment for the provision of health care to such individual or subscriber. Confidential Health Information shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

    a. names;
    b. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
    c. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;
    d. telephone numbers;
    e. fax numbers;
    f. electronic mail addresses;
    g. social security numbers;
    h. medical record numbers;
    i. health plan beneficiary numbers;
    j. account numbers;
    k. certificate/license numbers;
    l. vehicle identifiers and serial numbers, including license plate numbers;
    m. device identifiers and serial numbers;
    n. web universal resource locators ("URLs");
    o. internet protocol ("IP") address numbers;
    p. biometric identifiers, including finger and voice prints;

QUALIFIED PROTECTIVE ORDER

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

q. full face photographic images and any comparable images; and/or

r. any other unique identifying number, characteristic, or code.

The term "Documents" shall mean any "Writing," "Original" and "Duplicate" as those terms are defined in California Evidence Code sections 250, 255, and 260, which have been produced in discovery in this Action by any Party, person, or entity; and any copies, reproductions, or summaries of all or any part of the foregoing.

The term "Technical Advisor" shall refer to any person who is not a party to this action or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's Confidential Information, including Confidential Health Information. Each party's Technical Advisors shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case. These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

### 3. Designation of Information

Documents and things produced or furnished during the course of this action shall be designated as containing Confidential Information, including Confidential Health Information, by clearly placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

**CONFIDENTIAL**

**Or**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript at the time of the deposition. Where specific portions are designated as Confidential

QUALIFIED PROTECTIVE ORDER

Information, the transcript pages containing Confidential Information may be separately bound by the court reporter, who must affix the designation label as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the top of each page.

A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing Confidential Information when such papers are served or sent.

A party shall designate information disclosed at a hearing or trial as Confidential Information by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

For Confidential Information in some form other than Documents or deposition testimony, the producing party must affix the designation label of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in a prominent place on the exterior of the container or containers in which the Confidential Information is stored. If only portions of the item are Confidential Information, the producing party, to the extent practicable, shall identify the Confidential Information.

The parties will use reasonable care to avoid designating any documents or information as Confidential Information that is not entitled to such designation or which is generally available to the public. The parties shall designate only that part of a document or deposition that is Confidential Information, rather than the entire document or deposition.

A producing party may designate as "**Highly Confidential – Attorneys' Eyes Only**" any information or documents produced in discovery, pursuant to legal process, or exchanged informally for settlement purposes, if the person

-5-
QUALIFIED PROTECTIVE ORDER

making the designation reasonably believes, in good faith, that the material so designated contains or constitutes highly confidential personal or commercial information, such as trade secrets, financial information, business strategy, or other information, disclosure of which would be especially detrimental or harmful to the producing part or its business.

**4. Disclosure and Use of Confidential Information**

Information that has been designated Confidential shall be disclosed by the receiving party only to Qualified Recipients. All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as hereinafter provided. A violation of this section shall be deemed a material violation of this Protective Order.

All information that has been designated Confidential or Highly Confidential – Attorneys' Eyes Only shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's Confidential Information, the papers shall be appropriately designated and shall be treated accordingly.

All documents, including attorney notes and abstracts, which contain another party's Confidential Information, shall be handled as if they were designated pursuant to paragraph 3.

~~Documents, papers and transcripts filed with the court that contain any other party's Confidential Information shall be filed under seal.~~

-6-

QUALIFIED PROTECTIVE ORDER

Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

    a. Operate as an admission by any person that any particular document, information, or material contains or reflects trade secrets, proprietary, confidential, or competitively sensitive business, commercial, financial, or personal information;

    b. Operate as a waiver for any person the right to challenge another Party's designation of any documents, information, or materials as Confidential Information;

    c. Alter, waive, modify, or abridge any right, privilege, or protection available to any Party with respect to discovery, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion; or

    d. Prejudice the right of any person to seek relief from the arbitrator or Court from any provision of this Protective Order.

In the event any Confidential Information is or was used in any pretrial or discovery proceeding in this action, it shall not lose its confidentiality through such use. All pleadings, motions, oral discovery, and written discovery in this Action which contain or discuss Confidential Information shall be presented only to persons authorized to receive such Confidential Information under this Protective Order.

**5. Qualified Recipients**

For purposes of this Order, the term Qualified Recipient means

    a. Outside counsel of record for any party in this action, as well as employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

QUALIFIED PROTECTIVE ORDER

b. Representatives, officers, or employees of a party as necessary to assist outside counsel in the preparation and trial of this action;

c. In-house counsel for the Receiving Party;

d. Witnesses who testify by deposition or at trial who, if not a representative, officer, or employee of a party, shall be advised about the terms of this Order and that such Order is applicable to them in connection with their testimony and do not retain copies of Confidential Information;

e. Persons who were authors or recipients of the Confidential Information or previously had legal access to Confidential Information;

f. Technical Advisors, expert witnesses, or consultants engaged by a party to assist with the preparation and trial of this action provided such expert or consultant agrees in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

g. Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff, provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

h. Stenographers and videographers engaged to transcribe or record depositions conducted in this action provided that such individuals agree in writing, in the form attached at Appendix A, to be bound by the terms of this Order;

i. The Court and its support personnel; and

j. Such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court.

Confidential Information designated as "Highly Confidential – Attorneys' Eyes Only" (hereinafter "Attorneys' Eyes Only Material") shall be disclosed only

to the Qualified Recipients listed in subparagraphs 5(a), (e), (f), (i), and (j) above, unless otherwise agreed or ordered. For the purposes of subparagraph 5(a), Attorneys' Eyes Only Material may not be shown to any member or employee of any law firm or other entity or individual who has been, is currently, or will be in the foreseeable future involved in the negotiation of contracts on behalf of any of the Parties to this Agreement, unless the person authored the document or is identified on the face of the document as a previous recipient. Additionally, Attorneys' Eyes Only Material may be shown to persons listed in subparagraphs 5(c) and (d) under the following conditions:

    a.    For the purposes of subparagraph 5(c), Attorneys' Eyes Only Material may be shown to in-house litigation counsel for the Parties, provided that any in-house litigation counsel to whom Attorneys' Eyes Only Material is shown is not and will not in the foreseeable future be involved in the negotiation of contracts between the Parties, and does not share the documents, or the contents thereof, with any of the Parties' directors, officers, agents, or employees who negotiate contracts between the Parties.

    b.    Attorneys' Eyes Only Material may be shown to persons under subparagraph 6(d) if the witness is an employee of the party who produced the information designated as "Highly Confidential – Attorneys' Eyes Only", if the witness is identified on the face of the document as a previous recipient, or if the party who produced the information as "Highly Confidential – Attorneys' Eyes Only" consents before such designated information is disclosed to the witness.

Any Party, person, or entity receiving information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not reveal

or discuss such information to or with any person who is not permitted to receive such information, except as set forth herein.

Confidential Information held by a Party may be disclosed to persons as provided in Subsection 4 provided that prior to such disclosure the person to whom disclosure of Confidential Information is to be made shall acknowledge and confirm in writing in the form attached at Appendix A, that he or she has read this Protective Order and agrees to comply with its terms.

### 6. Nonparties

Any nonparty who produces documents or other information in response to discovery requests or subpoenas in this litigation shall be entitled to the benefits and protections of this Order and shall be entitled to seek additional protections.

The parties agree that they will treat Confidential Information produced by nonparties according to the terms of this Order.

Nonparties may challenge the confidentiality of Confidential Information by filing a motion to intervene and a motion to de-designate.

### 7. Inadvertent Failure to Designate

In the event that a producing party inadvertently fails to designate any of its information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to Paragraph 3, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

The producing party shall specifically identify, by reference to document title, page number, and/or any alpha and/or numeric production designation, the documents, information, or material to be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The producing party shall have the right to recover all copies of the documents, information, or material to be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and apply the "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

-10-

QUALIFIED PROTECTIVE ORDER

designation label, and the receiving party shall return to the producing party all copies of unlabeled documents, information, or material that was inadvertently disclosed.

It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

The inadvertent or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

### 8. Inadvertent Disclosure

In the event of an inadvertent disclosure of another party's Confidential Information to a non-Qualified Recipient, the party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Confidential Information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

### 9. Challenge to Designation

At any time after the delivery of Confidential Information, counsel for the party receiving the Confidential Information may challenge the designation of all or any portion thereof by providing written notice thereof to all counsel of record, including counsel for the party disclosing or producing the Confidential Information. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party receiving the

-11-
QUALIFIED PROTECTIVE ORDER

Confidential Information shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Confidential Information. Thereafter, the party disclosing or producing the Confidential Information shall have fourteen days from the date of certification to file a motion for protective order with regard to any Confidential Information in dispute. The party producing the Confidential Information shall have the burden of establishing that the disputed Confidential Information is entitled to confidential treatment. If the party producing the Confidential Information does not timely file a motion for protective order, the Confidential Information in dispute shall no longer be subject to confidential treatment as provided in this Order. All Confidential Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of designated Confidential Information is entitled to confidential treatment.

Neither Party shall be obligated to challenge the propriety of any designation of documents, information, or material, and a failure to so challenge shall not preclude a subsequent attack on the propriety of such designation, unless prejudice can be shown by the producing to have resulted from the delay in challenging the designation.

### 10. Conclusion of Action

Within ninety (90) days following the termination of this Action through settlement or adjudication, and upon written request, all Confidential Information shall be returned to the producing party or destroyed; and all copies, summaries, or transcripts thereof, and any other documents which contain, reflect, refer, or relate to such Confidential Information which are not returned to the producing party shall be destroyed. Upon written request, counsel of record for each Party shall attest to compliance with the terms of this paragraph in an affidavit or

QUALIFIED PROTECTIVE ORDER

declaration served on the other Party within the ninety- (90-) day period. This paragraph shall not preclude counsel from maintaining a file copy of any pleadings, motions, oral discovery, and written discovery that contains or attaches Confidential Information.

The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

### 11. Jurisdiction to Enforce Protective Order

After the termination of this action, the Court will continue to have jurisdiction to enforce this Order.

### 12. Modification of Protective Order

This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

### 13. Confidentiality of Party's Own Documents

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

### 14. Compulsory Disclosure to Third Parties

QUALIFIED PROTECTIVE ORDER

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks Confidential Information, including Confidential Health Information of a producing party, the receiving party shall give prompt written notice to counsel for the producing party and allow the producing party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

### 15. Binding Effect

This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

This Protective Order may be executed in counterparts, each when taken together with the others, shall constitute a whole, as if executed simultaneously.

**ORDER**

Based upon the stipulation of counsel, the Court **ORDERS**:

1. The stipulated protective order is **GRANTED in PART**. It is modified to delete lines 27 and 28 on page six.

2. If any party wishes for the Court to consider filing a document under seal, that party SHALL comply with Local Rule 141.

IT IS SO ORDERED.

Dated: **November 6, 2018**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

-14-
QUALIFIED PROTECTIVE ORDER

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERN COUNTY HOSPITAL AUTHORITY, A PUBLIC AGENCY THAT IS A LOCAL UNIT OF GOVERNMENT, WHICH OWNS AND OPERATES KERN MEDICAL CENTER,<br><br>               Plaintiffs,<br><br>vs.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut for-profit corporation; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>               Defendants. | CASE NO. 18-cv-00473-DAD-JLT<br><br>**APPENDIX A – PROTECTIVE ORDER UNDERTAKING** |

I, _____, declare that:

   1.   My address is _____. My current employer is _____. My current occupation is _____.

QUALIFIED PROTECTIVE ORDER

2. I have received a copy of the Qualified Protective Order in this action. I have carefully read and understand the provisions of the Qualified Protective Order.

3. I will comply with all of the provisions of the Qualified Protective Order and agree to be bound by the Qualified Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Qualified Protective Order, and will use only for purposes of this action any Confidential Information or information designated as "Confidential" that is disclosed to me.

4. Promptly upon termination of the relevant action, I will either return in full to the outside counsel for the party by whom I am employed or completely destroy all documents and things designated as "Confidential" that came into my possession, and all documents and things that I have prepared relating thereto.

5. I understand that the obligations of this undertaking and the provisions of the Qualified Protective Order continue past the termination of the action.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Qualified Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____