# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERN COUNTY HOSPITAL AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 1:18-cv-00473 DAD JLT<br><br>ORDER DENYING STIPULATION TO AMEND THE CASE SCHEDULE WITHOUT PREJUDICE<br>(Doc. 27) |

The Court granted the parties stipulation to amend the complaint to add new defendants on October 3, 2018. Despite prompt service of the complaint, the plaintiff has allowed numerous extensions of the responsive pleading such that it is not due on January 11, 2019 (Doc. 27-1 at 3), the same day as the non-expert discovery deadline (Doc. 10). The plaintiff now reports that within five days of service of the amended complaint, he learned that the two new defendants had filed for bankruptcy, though, for unknown reasons, the plaintiff is unclear whether the automatic stay is in place or, indeed, whether these defendants are proper parties to this action. (Doc. 27-1 at 3)

The stipulation notes that discovery from these two new defendants is essential but provides little detail how discovery can be accomplished if, in fact, the stay is in effect. (Doc. 27-1 at 3-4) Thus, there is no showing that amending the case schedule can accomplish their discovery goals. Moreover, there are too many unknowns and the need for the schedule amendment appears

1

to be based only on supposition, rather than any real investigation[1]. Consequently, the Court **ORDERS**:

    1.    The stipulation to amend the case schedule is **DENIED** without prejudice;

    2.    No later than **February 1, 2019**, plaintiff **SHALL** file a request for entry of default as to the newly added defendants[2] or a notice of automatic stay UNLESS the defendants have filed their responsive pleading[3].

IT IS SO ORDERED.

    Dated: __**January 10, 2019**__          __/s/ Jennifer L. Thurston__
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] For example, despite filing this action in February 2018 (Doc. 1-2 at 4) and despite the events at issue occurred in 2015 (Doc. 1-2 at 15), the plaintiff now reports there may be yet another defendant who should be added to this case (Doc. 27-1 at 3).

[2] Though detailing many potential issues related to the new defendants, it appears the plaintiff has done virtually nothing to investigate, other than talk with the attorney for these defendants. Thus, before seeking entry of default, the plaintiff **SHALL** ensure it has named the proper parties in this action.

[3] If the defendants appear, the Court will entertain a renewed stipulation to amend the case schedule. If they will not appear, the Court sees no cause to amend the case schedule, based upon the information currently before it.